UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and LESLIE FOUCHE-MUNOZ, Revenue Officer,<br><br>Petitioners,<br><br>v.<br><br>ERIC REED,<br><br>Respondent. | CASE NO. 09-4134-SC<br><br>[Proposed]<br><br>ORDER ENFORCING IRS SUMMONS |

This matter is before the court on an order to show cause why respondent Eric Reed should not be required to appear before the Internal Revenue Service (IRS) in compliance with an IRS summons. Mr. Reed did not file any papers in response to the order to show cause. Nor did he present any evidence or arguments precluding enforcement of the summons. Having considered the moving papers and all other evidence of record, this court concludes that the petition should be GRANTED.

## I. BACKGROUND

According to the petition, the IRS is conducting an investigation as part of a collection effort for certain unpaid tax liabilities of respondent. (Pet. ¶ 3). Petitioners believe that respondent has possession and control of records, documents and other information concerning the IRS's inquiry, as to which the IRS has no access, possession or control. (See id. ¶ 6). As part of its investigation, petitioners served a summons on respondent; and, the record before the court

shows that service properly was made pursuant to 26 U.S.C. § 7603.[1]  On June 8, 2009, petitioner Fouche-Munoz served a summons on respondent by leaving a copy of the summons at his last and usual place of abode. (See id. ¶ 7 and Ex. A).  Respondent did not appear on June 30, 2009 as requested.  When respondent failed to appear, he was given another opportunity to appear and comply on August 18, 2009.  Respondent again failed to appear. (See id.¶¶ 9-11 and Ex. B).

On September 8, 2009, petitioners filed the instant verified petition to enforce the summons.  On September 10, 2009, this court issued an order to show cause, setting a hearing for December 18, 2009.  Petitioners have submitted evidence showing that the order to show cause and verified petition were served on respondent on September 23, 2009. (See Docket #4).  However, Mr. Reed never filed a written response to the order to show cause or the verified petition.

## II. DISCUSSION

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability.  Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or. . . collecting any such liability." 26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)).  To enforce a summons, the IRS must establish a *prima facie* case for enforcement by showing that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code.  United States v. Powell, 379 U.S. 48 57-58 (1964).  "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell

---

[1] Title 26 United States Code, Section 7603 provides that service of summons shall be made "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode." 26 U.S.C. § 7603(a).  Further, "the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons." Id.

[Proposed] ORDER
Case No. 09-cv-4134-SC                                   2

1  requirements have been met." <u>Crystal</u>, 172 F.3d at 1144 (quoting <u>United States v. Dynavac, Inc.</u>,
2  6 F.3d 1407, 1414 (9th Cir. 1993)). "The burden is minimal because the statute must be read
3  broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." <u>Id</u>.
4  (quoting <u>Liberty Fin. Servs. v. United States</u>, 778 F.2d 1390, 1392 (9th Cir.1985)).

5  Once the government has met its burden in establishing the <u>Powell</u> elements, if the
6  taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of
7  process or lack of good faith on the part of the IRS.  Indeed, "[e]nforcement of a summons is
8  generally a summary proceeding to which a taxpayer has few defenses." <u>Crysta</u>l, 172 F.3d at
9  1144 (quoting <u>United States v. Den</u>, 968 F.2d 943, 945 (9th Cir. 1992)).  "The taxpayer must
10 allege specific facts and evidence to support his allegations' of bad faith or improper purpose."
11 <u>Id</u>. (quoting <u>United States v. Jose</u>, 131 F.3d 1325, 1328 (9th Cir. 1997)).  As explained by the
12 Ninth Circuit:

13  
> The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the Powell requirements or abuse of
14 the court's process. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to
15 put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. In addition, it
16 has become clear since Powell that gathering evidence after having decided to make a recommendation for prosecution would be an improper
17 purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. While neither the
18 Powell elements nor the LaSalle requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is
19 whether the Service is pursuing the authorized purposes in good faith.

20 <u>Id</u>. at 1144-45 (internal quotes and citations omitted).

21 While the government's burden is not great, it is not necessarily satisfied by an agent's
22 mere assertion of relevance.  <u>United States v. Goldman</u>, 637 F.2d 664, 667 (9th Cir. 1980).
23 Once a summons is challenged, it must be scrutinized by the court to determine whether it seeks
24 information relevant to a legitimate investigative purpose, and the court may choose either to
25 refuse enforcement or narrow the scope of the summons.  <u>Id</u>. at 668.

26 In the instant case, petitioners have met their initial burden of showing that the <u>Powell</u>
27 elements have been satisfied, largely through the verification of the petition by Revenue Officer
28 Fouche-Munoz.  See <u>Crystal</u>, 172 F.3d at 1144 (finding that the special agent's declaration

1  satisfied the Powell requirements and that the government therefore "established a prima facie
2  case to enforce the summonses"); Dynavac, Inc., 6 F.3d at1414 (stating that the government's
3  burden "may be satisfied by a declaration from the investigating agent that the Powell
4  requirements have been met."); United States v. Bell, 57 F. Supp.2d 898, 906 (N.D. Cal. 1999)
5  ("The government usually makes the requisite *prima facie* showing by affidavit of the agent.").

6        Here, the verified petition indicates that the IRS's investigation is being conducted for a
7  legitimate purpose of ascertaining respondent's assets and liabilities as part of an effort to
8  collect unpaid federal tax liabilities for certain periods of time.  (See Pet. ¶¶ 3-4).  The summons
9  is relevant to that purpose.  It indicates that respondent has unpaid tax liabilities for the calendar
10 years ending December 31, 2004, and December 31, 2005.  The summons asks him to
11 appear and bring with him documents pertaining to his assets and liabilities (e.g., bank
12 statements, checkbooks, canceled checks, saving account passbooks, records or certificates of
13 deposit, current vehicle registration certificates, deeds or contracts regarding real property,
14 stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance
15 policies).  (See id. Ex. A).  The petition further indicates that the information is not already in the
16 IRS's possession, that there has been no referral for criminal prosecution of this matter, and that
17 all administrative steps required by the Internal Revenue Code for the issuance of the summons
18 have been taken. (See Pet. ¶¶ 6, 12, 13 and Exs. A and B).

19        Although the record presented demonstrates that respondent was duly served with notice
20 of these proceedings, he failed to respond at all to the verified petition or the court's order to
21 show cause.  Accordingly, he has not met his burden of showing an abuse of process or lack of
22 good faith on the part of the IRS, and this court finds that the verified petition to enforce
23 the IRS summons be GRANTED.

24        Accordingly, the petition is hereby GRANTED, and respondent is hereby ORDERED to
25 appear before Revenue Officer Fouche-Munoz, or any designated agent, on January 25, 2010, at
26 9:00 a.m., at the Offices of the Internal Revenue Service, 450 Golden Gate Avenue, 6th Floor,
27 San Francisco, California, 94102, and then and there give testimony relating to the matters
28 described in the subject Internal Revenue Service summonses, copies of which are attached

1  hereto as Exhibits A and B, and produce for the Revenue Officer's inspection and copying the
2  records described in the attached Internal Revenue Service summonses.
3       Failure to comply with the instant order may be grounds for a finding of contempt.
4  See, e.g., United States v. Ayres, 166 F.3d 991, 994-96 (9th Cir. 1999) (affirming finding of
5  contempt, where party failed to comply with court order directing him to provide testimony
6  and produce records to IRS).
7       IT IS SO ORDERED.

9  Dated: December 18, 2009



SAMUEL CONTI
United States District Court Judge